IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY ___ D.C.

05 AUG 15 AM 11:31

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

|  |  |  |
|---|---|---|
| RICKY R. DANIEL, | X | |
| Plaintiff, | X | |
| vs. | X | No. 05-2344-B/P |
| UNITED STATES OF AMERICA, et al. | X | |
| Defendants. | X | |

ORDER DENYING LEAVE TO PROCEED IN FORMA PAUPERIS
AND
ORDER DIRECTING PLAINTIFF TO REMIT $250 CIVIL FILING FEE

Plaintiff Ricky R. Daniel, Bureau of Prisons inmate registration number 21490-001, an inmate at the Federal Correctional Institution in Estill, South Carolina, filed a pro se complaint pursuant to Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388 (1971), on May 6, 2005, along with an in forma pauperis affidavit containing a certification by the trust fund officer at the prison and a trust fund account statement.

Under the Prison Litigation Reform Act of 1995 ("PLRA"), 28 U.S.C. § 1915(a)-(b), all prisoners bringing a civil action must pay the full filing fee of $250 required by 28 U.S.C. § 1914(a).[1] The statute merely provides the prisoner the opportunity to make a "downpayment" of a partial filing fee and pay the remainder in

---

[1] Effective March 7, 2005, the civil filing fee was increased from $150 to $250.

This document entered on the docket sheet in compliance
with Rule 58 and/or 79(a) FRCP on  8-15-05



installments. See McGore v. Wrigglesworth, 114 F.3d 601, 604 (6th Cir. 1997) ("[w]hen an inmate seeks pauper status, the only issue is whether the inmate pays the entire fee at the initiation of the proceeding or over a period of time under an installment plan. Prisoners are no longer entitled to a waiver of fees and costs.").

In order to take advantage of the installment procedures, a prisoner plaintiff must properly complete and submit to the district court, along with the complaint, either Form 4 of the Appendix of Forms found in the Federal Rules of Appellate Procedure, or an affidavit that contains the same detailed information found in Form 4. McGore, 114 F.3d at 605. The prisoner must also submit a certified prison trust fund account statement, showing all activity in his account for the six months preceding the filing of the complaint, and specifically showing:

1) the average monthly deposits, and
2) the average monthly balance

for the six months prior to submission of the complaint, and

3) the account balance when the complaint was submitted.

In this case, the documentation submitted by the prisoner indicates that he has sufficient resources that there is no need to permit him to pay the filing fee in installments. Accordingly, the motion to proceed in forma pauperis is DENIED. The plaintiff is ORDERED to remit the $250 civil filing fee within thirty (30) days of the date of entry of this order. Failure to comply with this order will result in dismissal of this action, pursuant to Fed. R. Civ. P. 41(b), for failure to prosecute, as well as assessment of

2

the filing fee from the plaintiff's trust fund account without regard to the installment payment procedures.

IT IS SO ORDERED this __12th__ day of August, 2005.

J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 5 in case 2:05-CV-02344 was distributed by fax, mail, or direct printing on August 15, 2005 to the parties listed.

---

Ricky R. Daniel
FCI-ESTILL
21490-001
P.O. Box 699
Estill, SC 29918

Honorable J. Breen
US DISTRICT COURT