IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

RICKY R. DANIEL,

        Plaintiff,

vs.                                              No. 05-2344-B/P

UNITED STATES OF AMERICA,
et al.,

        Defendants.

ORDER DENYING MOTION TO EFFECT SERVICE OF PROCESS
ORDER DENYING MOTIONS FOR PROPER FORMS
ORDER DENYING MOTION FOR MORE DEFINITE ANSWER
ORDER OF DISMISSAL
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
AND
NOTICE OF APPELLATE FILING FEE

        Plaintiff Ricky R. Daniel, Bureau of Prisons ("BOP")
inmate registration number 21490-001, an inmate at the Federal
Correctional Institution in Estill, South Carolina, filed a pro se
complaint pursuant to Bivens v. Six Unknown Fed. Narcotics Agents,
403 U.S. 388 (1971), on May 6, 2005 in connection with his previous
confinement at the Federal Correctional Institution in Memphis,
Tennessee ("FCI-Memphis"), along with a motion seeking leave to
proceed in forma pauperis. Because the plaintiff's inmate trust
fund account statement had a balance of $587.47, the Court issued
an order on August 15, 2005 denying leave to proceed in forma
pauperis and directing the plaintiff to remit the $250 civil filing
fee within thirty days. On August 25, 2005, plaintiff filed another

in forma pauperis motion and a trust fund account statement for the period from June 15, 2005 through August 11, 2005. The Court issued an order on January 3, 2006 declining to reconsider the denial of leave to proceed in forma pauperis and directing the plaintiff, for the final time, to remit the civil filing fee within thirty days. Plaintiff paid the civil filing fee on January 20, 2006. The Clerk shall record the defendants as the United States of America; former FCI-Memphis Warden T.C. Outlaw; Paul Pearle; (first name unknown) Milton; (first name unknown) Monex; Mark Starks; Mary Cobbs; Pat Bartlett; Paul Rosenburg; Medical Services; (first name unknown) Stevens; C. Chatters; Johnny Williams; (first name unknown) Roberts; and Dr. Chapple.[1]

        The plaintiff has also filed a number of motions. On May 6, 2006, plaintiff filed a motion asking that the Court assist him in effecting service of process, as he is indigent. Because the case is dismissed, this motion is DENIED as moot. On July 11, 2005, the plaintiff filed an amendment to his complaint that corrected the name of one defendant and requested a jury trial.[2] On August 25, 2005 and October 21, 2005, plaintiff filed motions seeking the appropriate forms to submit another in forma pauperis affidavit. On November 3, 2005, plaintiff filed a "Motion for More Definite Answer," which is, in effect, another motion seeking

---

[1]     Although the plaintiff uses the designation "et al." in his listing of defendants, the Court will not speculate as to the identity of any person or entity the plaintiff intends to sue.

[2]     Pursuant to Fed. R. Civ. P. 15(a), the plaintiff is entitled to amend his complaint once without leave of Court prior to the service of a responsive pleading.

reconsideration of the order denying leave to proceed <u>in forma
pauperis</u>. As the filing fee has been paid, these motions are DENIED
as moot.

I.   <u>Analysis of Plaintiff's Claims</u>

        The factual allegations of the complaint consist, in
their entirety, of the following:

> (1) Verbal abuse by Correctional Officer Stevens in front
> of family members, and other inmates and outside
> visitors. (2) I were exposed to a known serious
> illness/disease (staph) without adequate precautionary
> measures. (3) Denied due process in administrative
> remedy's [sic] in/on investigation of another inmate (Lee
> Smith) who should have had automatic separating, from
> testimony in criminal trial. (4) Retaliation transfer by
> staff once I made them aware of their oversight/acts or
> omissions. (5) Denied due process rights, violated my
> constitutional rights once placed in administrative
> detention (delay in access): to law/legal material, Court
> CV-00-RRA-2962-S, CV-02-DLK-15/2-CC, Al. Ct. Cv. App.
> 2040405, law books, paper, ink pens, copies, . . . ). (6)
> Chronic exposure to mole/mold. (7) Deliberate
> indifference to a known medical condition, and (8)
> Medical malpractice from surgery December 30, 2004, (left
> testicle . . . one inch height difference excruciating
> pain[)].

The plaintiff seeks monetary compensation, the imposition of
unspecified sanctions on the defendants, corrective surgery, and
assignment to a special housing unit.

        The Sixth Circuit has held that 42 U.S.C. § 1997e(a)
requires a district court to dismiss a complaint without prejudice
whenever a prisoner brings a prison conditions claim without
demonstrating that he has exhausted his administrative remedies.
<u>Brown v. Toombs</u>, 139 F.3d 1102 (6th Cir. 1998); <u>see</u> <u>Porter v.
Nussle</u>, 534 U.S. 516, 532 (2002) ("[T]he PLRA's exhaustion
requirement applies to all inmate suits about prison life, whether

they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."); Booth v. Churner, 532 U.S. 731 (2001) (prisoner seeking only money damages must exhaust administrative remedies although damages are unavailable through grievance system). This requirement places an affirmative burden on prisoners of pleading particular facts demonstrating the complete exhaustion of claims. Knuckles El v. Toombs, 215 F.3d 640, 642 (6th Cir. 2000). To comply with the mandates of 42 U.S.C. § 1997e(a),

> a prisoner must plead his claims with specificity and show that they have been exhausted by attaching a copy of the applicable administrative dispositions to the complaint or, in the absence of written documentation, describe with specificity the administrative proceeding and its outcome.

Id. at 642; see also Boyd v. Corrections Corp. of Am., 380 F.3d 989, 985-96 (6th Cir. 2004) (describing the standard for demonstrating exhaustion when prison officials fail to respond in a timely manner to a grievance), cert. denied, 125 S. Ct. 1639 (2005); Baxter v. Rose, 305 F.3d 486 (6th Cir. 2002) (prisoner who fails to allege exhaustion adequately may not amend his complaint to avoid a sua sponte dismissal); Curry v. Scott, 249 F.3d 493, 503-04 (6th Cir. 2001) (no abuse of discretion for district court to dismiss for failure to exhaust when plaintiffs did not submit documents showing complete exhaustion of their claims or otherwise demonstrate exhaustion). Furthermore, § 1997(e) requires the prisoner to exhaust his administrative remedies before filing suit and, therefore, he cannot exhaust those remedies during the pendency of the action. Freeman v. Francis, 196 F.3d 641, 645 (6th

Cir. 1999). Finally, the Sixth Circuit recently held that district courts are required to dismiss a complaint in its entirety, pursuant to 42 U.S.C. § 1997e(a), that contains any unexhausted claims. Jones Bey v. Johnson, 407 F.3d 801, 805-09 (6th Cir. 2005).

The BOP has adopted an administrative remedy program, 28 C.F.R. §§ 542.10-542.19, that is applicable to Bivens actions. See, e.g., Robinson v. Young, No. 00-6127, 20 Fed. Appx. 476, 477 (6th Cir. Sept. 26, 2001); Barksdale v. Rauschel, No. 99-2233, 2000 WL 1434492, at *1 (6th Cir. Sept. 18, 2000). The warden has the initial responsibility for responding to grievances. 28 C.F.R. § 542.11(a). An inmate who is not satisfied with the warden's response may appeal to the BOP's regional director "within 20 calendar days of the date the Warden signed the response" and, thereafter, to the general counsel of the BOP "within 30 calendar days of the date the Regional Director signed the response." Id. § 542.15(a). According to the regulations, "response shall be made by the Warden . . . within 20 calendar days; by the Regional Director within 30 calendar days; and by the General Counsel within 40 calendar days." Id. § 542.18.

In this case, the plaintiff has not satisfied his burden of demonstrating, through particularized averments, that he has exhausted the administrative remedies for his claims. No copies of grievances, or responses to grievances, are attached to the complaint. In response to the question about the steps the inmate took to exhaust his administrative remedies, the complaint avers generally "verbal communication, written request, administrative

5

remedy's [sic]." These conclusory allegations are insufficient to demonstrate with specificity the plaintiff's compliance with § 1997e(a) given the large number of claims and defendants involved. The complaint also fails to allege that the plaintiff exhausted his claims against the individual defendants, as required by <u>Moorer v. Price</u>, 83 Fed. Appx. 770, 772 (6th Cir. Dec. 9, 2003) (plaintiff did not exhaust claim against warden because his grievance did not identify the warden or articulate any claim against her); <u>Thomas v. Woolum</u>, 337 F.3d 720, 733-34 (6th Cir. 2003); and <u>Curry</u>, 249 F.3d at 504.[3]

The Sixth Circuit has stated that "[a] plaintiff who fails to allege exhaustion of administrative remedies through 'particularized averments' does not state a claim on which relief may be granted, and his complaint must be dismissed <u>sua sponte</u>." <u>Baxter</u>, 305 F.3d at 489. Accordingly, the Court DISMISSES the complaint, without prejudice, pursuant to 42 U.S.C. § 1997e(a).[4]

II.  <u>Appeal Issues</u>

---

[3]     Although the complaint asserts that the plaintiff made verbal complaints and wrote letters, the Sixth Circuit has repeatedly held that an inmate must strictly follow the prison grievance procedures. <u>Shephard v. Wilkinson</u>, 27 Fed. Appx. 526, 527 (6th Cir. Dec. 5, 2001) ("While Shephard asserts that he has raised his complaints in numerous letters to prison and public officials, a prisoner must utilize the formal grievance process provided by the state; he cannot comply with the requirements of § 1997e(a) by informally presenting his claims."); <u>Hewell v. Leroux</u>, 20 Fed. Appx. 375, 377 (6th Cir. Sept. 21, 2001) (same); <u>see also</u> <u>Clark v. Beebe</u>, No. 98-1430, 1999 WL 993979, at *2 (6th Cir. Oct. 21, 1999) (district court erred in holding that prisoner had substantially complied with exhaustion requirement by writing a letter to the U.S. Attorney's office that eventually made its way to the warden of plaintiff's prison). Letters and informal conversations are not, therefore, a substitute for a formal inmate grievance.

[4]     As the Sixth Circuit has explained, "If the plaintiff has exhausted his administrative remedies, he may always refile his complaint and plead exhaustion with sufficient detail to meet our heightened pleading requirement, assuming that the relevant statute of limitations has not run." <u>Baxter</u>, 305 F.3d at 489.

The next issue to be addressed is whether plaintiff should be allowed to appeal this decision in forma pauperis. Twenty-eight U.S.C. § 1915(a)(3) provides that an appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.

The good faith standard is an objective one. Coppedge v. United States, 369 U.S. 438, 445 (1962). An appeal is not taken in good faith if the issue presented is frivolous. Id. Accordingly, it would be inconsistent for a district court to determine that a complaint should be dismissed prior to service on the defendants, yet has sufficient merit to support an appeal in forma pauperis. See Williams v. Kullman, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to dismiss this case for failure to state a claim also compel the conclusion that an appeal would not be taken in good faith.

It is therefore CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by plaintiff is not taken in good faith and plaintiff may not proceed on appeal in forma pauperis.

The final matter to be addressed is the assessment of a filing fee if plaintiff appeals the dismissal of this case.[5] In McGore v. Wrigglesworth, 114 F.3d 601, 610-11 (6th Cir. 1997), the

---

[5]     Effective November 1, 2003, the fee for docketing an appeal is $250. See Judicial Conference Schedule of Fees, ¶ 1, Note following 28 U.S.C. § 1913. Under 28 U.S.C. § 1917, a district court also charges a $5 fee:

   Upon the filing of any separate or joint notice of appeal or application for appeal or upon the receipt of any order allowing, or notice of the allowance of, an appeal or of a writ of certiorari $5 shall be paid to the clerk of the district court, by the appellant or petitioner.

Sixth Circuit set out specific procedures for implementing the PLRA. However, as the plaintiff has previously had three actions or appeals dismissed for failure to state a claim or as frivolous,[6] 28 U.S.C. § 1915(g) bars him from taking an appeal under § 1915(b). <u>Green v. Nottingham</u>, 90 F.3d 415, 417 (10th Cir. 1996).

Accordingly, if plaintiff files a notice of appeal, he is required to remit the entire filing fee within thirty days of filing that notice. If he does not, this Court will notify the United States Court of Appeals for the Sixth Circuit that he has failed to comply with the fee requirements, and that court will dismiss his appeal. It will not be reinstated thereafter even if he does pay the filing fee. <u>Cf.</u> <u>McGore</u>, 114 F.3d at 609-10.

IT IS SO ORDERED this 27th day of January, 2006.


s/ J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE

---

[6]    Plaintiff previously filed the following cases: <u>Daniel v. U.S. Dep't of Justice, et al.</u>, No. CV-04-H0116-S (N.D. Ala. dismissed as frivolous Feb. 2, 2004); <u>Daniel v. United States, et al.</u>, No. CV-03-S-0425-S (N.D. Ala. dismissed as frivolous Nov. 14, 2003), <u>appeal dismissed as frivolous</u>, No. 03-16010-G (11th Cir. July 7, 2004); <u>see also</u> <u>Daniel v. United States Marshal Serv., et al.</u>, No. CV-00-CO-2962-S (N.D. Ala. multiple claims dismissed pursuant to 28 U.S.C. § 1915A(b)(1) Jan. 29, 2004).