```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE WESTERN DISTRICT OF TENNESSEE
                        WESTERN DIVISION
```

```
RICKY R. DANIEL,

        Plaintiff,

vs.                                  No. 05-2344-B/P

UNITED STATES OF AMERICA,
et al.,

        Defendants.
```

### ORDER DENYING RECUSAL MOTION

Plaintiff Ricky R. Daniel, Bureau of Prisons inmate registration number 21490-001, an inmate at the Federal Correctional Institution in Estill, South Carolina, filed a pro se complaint pursuant to Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388 (1971), on May 6, 2005 in connection with his previous confinement at the Federal Correctional Institution in Memphis, Tennessee ("FCI-Memphis"), along with a motion seeking leave to proceed in forma pauperis. Because the plaintiff's inmate trust fund account statement had a balance of $587.47, the Court issued an order on August 15, 2005 denying leave to proceed in forma pauperis and directing the plaintiff to remit the $250 civil filing fee within thirty days. On August 25, 2005, plaintiff filed another in forma pauperis motion and a trust fund account statement for the period from June 15, 2005 through August 11, 2005. The Court issued an order on January 3, 2006 declining to reconsider the denial of

leave to proceed in forma pauperis and directing the plaintiff, for the final time, to remit the civil filing fee within thirty days. Plaintiff paid the civil filing fee on January 20, 2006. The Court issued an order on January 27, 2006 that, inter alia, dismissed the complaint pursuant to 42 U.S.C. § 1997e(a) and certified that an appeal would not be taken in good faith. Judgment was entered on February 1, 2006.

On February 13, 2006, plaintiff submitted several motions, including a motion seeking the recusal of this judge. Plaintiff's motion is based on (I) the order requiring payment of the full civil filing fee in advance, because of the inmate's trust fund account balance when this suit was filed; (ii) the dismissal of this action for failure to demonstrate exhaustion of administrative remedies without affording plaintiff the opportunity to respond; and (iii) the references in the dismissal order to the previous actions and appeals filed by this prisoner that were dismissed for failure to state a claim or as frivolous.

Pursuant to 28 U.S.C. § 144:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

In addition, 28 U.S.C. § 455(a) provides that a judge shall disqualify himself "in any proceeding in which his impartiality might reasonably be questioned." Circumstances under which a judge must disqualify himself include:

2

(1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;

(2) Where in private practice he served as lawyer in the matter in controversy, or a lawyer with whom he previously practiced law served during such association as a lawyer concerning the matter, or the judge or such lawyer has been a material witness concerning it;

(3) Whether he has served in governmental employment and in such capacity participated as counsel, adviser or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy;

(4) He knows that he . . . or his spouse . . . has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding;

(5) He or his spouse . . . :

   (I) Is a party in the proceeding . . . . ;

   (ii) Is acting as a lawyer in the proceeding;

   (iii) Is known by the judge to have an interest that could be substantially affected by the outcome of the proceeding;

   (iv) Is to the judge's knowledge likely to be a material witness in the proceeding.

28 U.S.C. § 455(b).

A judge must recuse himself if, knowing all the circumstances, a reasonable, objective person would question the judge's impartiality. United States v. Sammons, 918 F.2d 592, 599 (6th Cir. 1990). "The standard is an objective one; hence, the judge need not recuse himself based on the 'subject view of a party' no matter how strongly that view is held." Id. (citation omitted). Bias sufficient to justify recusal must be personal,

arising out of the judge's background, and not based on the judge's interpretation of the law. Ullmo ex rel. Ullmo v. Gilmour Academy, 273 F.3d 671, 681 (6th Cir. 2001); Browning v. Foltz, 837 F.2d 276, 279 (6th Cir. 1988); United States v. Story, 716 F.2d 1088, 1090 (6th Cir. 1983). A judge's participation in the proceedings or prior contact with a litigant in related cases cannot support a demand for recusal. Liteky v. United States, 510 U.S. 540, 556 (1994); Sammons, 918 F.2d at 599. Sections 144 and 455 are to be read in pari materia to require that disqualification must be predicated upon extrajudicial conduct, rather than judicial conduct, and to require that the alleged bias and prejudice be personal rather than judicial. Story, 716 F.2d at 1096.[1] "A judge is presumed to be impartial, and a litigant seeking disqualification bears the burden of alleging facts that would lead a reasonable person to question the neutrality of the judge." United States v. Adams, No. 93-5682, 1994 WL 589509, at *2 (6th Cir. Oct. 25, 1994) (per curiam).

The motion filed by plaintiff does not state any ground that would require this judge to recuse himself.[2] The motion does not set forth any facts suggesting that this judge has a personal bias against the plaintiff. Instead, it is readily apparent that the plaintiff filed this affidavit solely because he is

---

[1] The Supreme Court has held that § 455(b)'s "extrajudicial source" doctrine also applies to § 455(a). Liteky, 510 U.S. at 540.

[2] Although the document submitted by Daniel is entitled an affidavit, it does not comply with § 144 because it is not accompanied by "a certificate of counsel of record stating that it is made in good faith." 28 U.S.C. § 144.

dissatisfied with the decisions rendered in this case. Accordingly, the motion for recusal is DENIED.

      IT IS SO ORDERED this 21st day of February, 2006.

                                          s/J. DANIEL BREEN
                                          UNITED STATES DISTRICT JUDGE