IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

|                              |   |                |
|------------------------------|---|----------------|
| RICKY R. DANIEL,             |   |                |
|         Plaintiff,           |   |                |
| vs.                          |   | No. 05-2344-B/P |
| UNITED STATES OF AMERICA, et al., |   |            |
|         Defendants.          |   |                |

---

ORDER DENYING MOTION FOR RECONSIDERATION
AND
ORDER DENYING REQUEST FOR A WRIT PURSUANT TO 28 U.S.C. § 1651

---

Plaintiff Ricky R. Daniel, Bureau of Prisons inmate registration number 21490-001, an inmate at the Federal Correctional Institution in Estill, South Carolina, filed a pro se complaint pursuant to Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388 (1971), on May 6, 2005 in connection with his previous confinement at the Federal Correctional Institution in Memphis, Tennessee ("FCI-Memphis"), along with a motion seeking leave to proceed in forma pauperis. Because the plaintiff's inmate trust fund account statement had a balance of $587.47, the Court issued an order on August 15, 2005 denying leave to proceed in forma pauperis and directing the plaintiff to remit the $250 civil filing fee within thirty days. On August 25, 2005, plaintiff filed another in forma pauperis motion and a trust fund account statement for the period from June 15, 2005 through August 11, 2005. The Court issued

an order on January 3, 2006 declining to reconsider the denial of leave to proceed in forma pauperis and directing the plaintiff, for the final time, to remit the civil filing fee within thirty days. Plaintiff paid the civil filing fee on January 20, 2006. The Court issued an order on January 27, 2006 that, inter alia, dismissed the complaint pursuant to 42 U.S.C. § 1997e(a) and certified that an appeal would not be taken in good faith. Judgment was entered on February 1, 2006.

On February 13, 2006, plaintiff submitted several motions, including a motion for reconsideration, which the Court construes as a timely motion pursuant to Fed. R. Civ. P. 59(e), and a motion entitled "Plaintiff's Specific Request for a Writ Pursuant to 28 U.S.C. § 1651."

The motion for reconsideration asserts, in pertinent part, that plaintiff exhausted his administrative remedies but did not believe he was required to demonstrate exhaustion prior to service of the complaint on the defendants. Nothing in the plaintiff's voluminous submissions demonstrates that he exhausted even one of the numerous claims asserted in the complaint. Moreover, even if he had, the law in this circuit is clear that evidence of exhaustion must be stated with specificity in the original complaint, and a failure to satisfy that requirement cannot be cured through amendments, Baxter v. Rose, 305 F.3d 486, 488-90 (6th Cir. 2002), or supplemental pleadings, Mayer v. Cox, 332 F.3d 422, 428 (6th Cir. 2003). Likewise, once a district court dismisses a complaint pursuant to 42 U.S.C. § 1997e(a), it is not

2

an abuse of discretion to decline a reconsider that dismissal when the prisoner submits evidence of exhaustion on a motion for reconsideration. Curry v. Scott, 305 F.3d 486, 504 (6th Cir. 2001). Accordingly, the motion for reconsideration is DENIED.[1]

As the case has been dismissed, the motion seeking issuance of a writ is DENIED as moot.[2]

IT IS SO ORDERED this 21st day of February, 2006.

s/ J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE

---

[1] Most of the motion for reconsideration is devoted to argument that the complaint states valid claims. As the complaint was dismissed under 42 U.S.C. § 1997e(a) without consideration of the substantive merits of the plaintiff's claims, these arguments are not relevant.

[2] It is not, therefore, necessary to address at length whether 28 U.S.C. § 1651 has any application to this case.

3