```
             IN THE UNITED STATES DISTRICT COURT
          FOR THE WESTERN DISTRICT OF TENNESSEE
                       WESTERN DIVISION
```

_____

```
                                  ◊
RICKY R. DANIEL,                  ◊
                                  ◊
       Plaintiff,                 ◊
                                  ◊
vs.                               ◊    No. 05-2344-B/P
                                  ◊
UNITED STATES OF AMERICA,         ◊
et al.,                           ◊
                                  ◊
       Defendants.                ◊
                                  ◊
```

_____

```
          ORDER DENYING SECOND MOTION FOR RECONSIDERATION
                              AND
          ORDER PRECLUDING FILING OF ADDITIONAL DOCUMENTS
                       IN THIS CLOSED CASE
```

_____

Plaintiff Ricky R. Daniel, Bureau of Prisons inmate registration number 21490-001, an inmate at the Federal Correctional Institution in Estill, South Carolina, filed a pro se complaint pursuant to Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388 (1971), on May 6, 2005 in connection with his previous confinement at the Federal Correctional Institution in Memphis, Tennessee ("FCI-Memphis"), along with a motion seeking leave to proceed in forma pauperis. Because the plaintiff's inmate trust fund account statement had a balance of $587.47, the Court issued an order on August 15, 2005 denying leave to proceed in forma pauperis and directing the plaintiff to remit the $250 civil filing fee within thirty days. On August 25, 2005, plaintiff filed another in forma pauperis motion and a trust fund account statement for the period from June 15, 2005 through August 11, 2005. The Court issued

an order on January 3, 2006 declining to reconsider the denial of leave to proceed in forma pauperis and directing the plaintiff, for the final time, to remit the civil filing fee within thirty days. Plaintiff paid the civil filing fee on January 20, 2006. The Court issued an order on January 27, 2006 that, inter alia, dismissed the complaint pursuant to 42 U.S.C. § 1997e(a) and certified that an appeal would not be taken in good faith. Judgment was entered on February 1, 2006.

On February 13, 2006, plaintiff submitted several motions, including a motion for recusal, a motion for reconsideration, which the Court construed as a timely motion pursuant to Fed. R. Civ. P. 59(e), and a motion entitled "Plaintiff's Specific Request for a Writ Pursuant to 28 U.S.C. § 1651." The Court issued orders on February 21, 2006 denying those motions.

On March 6, 2006, plaintiff submitted another document, entitled "Objection to Court's Denial of Motion for Reconsideration," which reiterates arguments previously made about the denial of the motion to proceed in forma pauperis and his lack of knowledge that he was required to demonstrate with specificity in his complaint that he had complied with 42 U.S.C. § 1997e(a). The substance of these arguments has been addressed in previous orders, including the order denying the first motion for reconsideration, and no useful purpose would be served by repeating the substance of that previous order. Suffice it to say that this Court, when screening a case pursuant to 42 U.S.C. § 1915A, is

bound by Sixth Circuit precedent concerning the showing a prisoner must make with respect to his exhaustion of administrative remedies.[1] The second motion for reconsideration is DENIED.

If the plaintiff believes that the disposition of his case was legally erroneous, his remedy is to take an appeal. The Clerk is ORDERED not to accept for filing any further documents in this closed case except a notice of appeal.

IT IS SO ORDERED this 9th day of March, 2006.

                                    s/ J. DANIEL BREEN
                                    UNITED STATES DISTRICT JUDGE

---

[1] Although the plaintiff has repeatedly objected to the order requiring him to pay the full filing fee, the plaintiff has previously had three actions or appeals dismissed for failure to state a claim or as frivolous, 01/27/06 Order at 8.n.6, and, therefore, he is not eligible to take advantage of the installment-payment provisions of 28 U.S.C. § 1915(b) unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g). Had the Court known of those dismissals when this case was filed, plaintiff's motion for leave to proceed in forma pauperis would have been denied on that basis. Under those circumstances, the fact that the plaintiff continues to raise this issue is puzzling.